DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Huron Municipal Court that adopted the determination of a court-appointed umpire as to the value of appellee's automobile that was damaged in an accident. For the following reasons, the *Page 2 
decision of the trial court is affirmed as to the cash value of the automobile but reversed and remanded for reallocation of costs.
 {¶ 2} In November 2005, appellee's car sustained heavy damage in a collision with a deer. After appellant, his insurer, examined the car and found it to be a total loss, the company offered to settle the claim for $2,293.25 based on the vehicle having an actual cash value of $2,774. On December 20, 2005, appellant demanded an independent appraisal of the car in accordance with appellee's policy if appellee was not willing to accept its offer. On April 25, 2006, appellee filed a complaint in Huron Municipal Court, Small Claims Division, after the parties were unable to agree on the value of the car. (case no. 06-CVI-146) In his complaint, appellee asserted that the car was worth $4,575. The amount prayed for, however, was $1,772. On May 12, 2006, appellant filed a motion to have the court appoint an umpire pursuant to the appraisal clause in the insurance contract.
 {¶ 3} By judgment entry filed May 19, 2006, the trial court found that appellee had obtained two appraisals and appellant had none. The court ordered appellant to obtain a written appraisal and submit it to appellee and the court by May 26, 2006. Appellee was ordered to make his car available to appellant's appraiser. The court stated that if the parties were unable to reach an agreement after that, it would appoint an umpire to decide any differences. Appellant thereafter submitted an appraisal that valued the car at $3,046.19. The parties proved unable to reach an agreement at a hearing held on June 30, 2006. At that time, the court noted that the amount of appellee's claim, *Page 3 
which was in fact $4,575 and not $1,772, exceeded the jurisdiction of the small claims division and encouraged the parties to reach a settlement. The parties then agreed to submit the dispute to an umpire and to be bound by his determination as to the vehicle's value.
 {¶ 4} The court-appointed umpire filed a report in which he determined that the car had a cash value of $4,284. By judgment entry filed on July 19, 2006, the matter was transferred to the regular civil docket as permitted by R.C. 1925.10(A), and assigned case no. 06-CVH-204. Also on that date, judgment was entered under the new case number in favor of appellee in the amount of $4,284. The court then stated, "In addition, judgment is rendered for the Umpire's services. Services were rendered and approved in the sum of $350.00 plus a $20.00 fee for the case to be transferred, both of which are to be paid to the Court as court costs."
 {¶ 5} In his first assignment of error, appellant asserts that the trial court exceeded its jurisdiction by making findings of fact. Appellant does not provide any argument in support of this claim and we find it to be without merit. Appellant also claims that the trial court exceeded its jurisdiction by entering a judgment that "went beyond appointing an umpire." The record reflects that the umpire was appointed by the small claims division, which was entirely within that court's authority. The $4,284 judgment was entered under the new case number after the case was transferred to the regular civil docket. Appellant does not explain how that judgment was outside the jurisdiction of the trial court. Appellant's first assignment of error is not well-taken. *Page 4 
 {¶ 6} In its second and third assignments of error, argued together, appellant again raises the issue of factual findings made by the trial court. Appellant asserts that the trial court erred to his prejudice by making the following statements in its judgment entry: "* * * Defendant's [sic] Insurance Company directed their appraiser to appraise the vehicle as of May 2006, several months after the date of loss on November 21, 2005, thereby acting in bad faith" and "* * * Defendant's [sic] Insurance Company took the vehicle from Plaintiffs residence without his knowledge or consent and moved the vehicle to Akron, Ohio all of which was a criminal act of Unauthorized Use of a Vehicle * * *."
 {¶ 7} Statements concerning the date appellant's appraiser used to value the vehicle and the removal of appellee's car from his residence can be found in the umpire's report, which is a part of the record. Not surprisingly, appellant disputes both statements and argues that it was unfairly deprived of the opportunity to contest them. However, appellant has failed to show how it was prejudiced by the two statements. The trial court acknowledged in its judgment entry that the parties hadagreed to be bound by the umpire's decision and, accordingly, entered judgment for the amount reflected in the umpire's report. The two statements challenged by appellant appear to have no bearing on the order in light of the parties' agreement to accept the umpire's decision. Appellant's second and third assignments of error are not well-taken.
 {¶ 8} In its fourth assignment of error, appellant asserts that the trial court erred by ordering it to pay the umpire's $350 fee. As to this issue, appellee's policy contains *Page 5 
the following language: "You or we may demand appraisal of the loss. Each will appoint and pay a competent and disinterested appraiser and will equally share other appraisal expenses." Based on that language, we find that the trial court should have ordered the parties to share the umpire's fee equally. Appellant's fourth assignment of error is well-taken.
 {¶ 9} In its fifth assignment of error, appellant asserts that the trial court erred by entering judgment in appellee's favor without accounting for the $500 deductible under appellee's policy. The trial court entered judgment for the amount determined by the umpire afterappellant agreed to be bound by that determination. The issue of appellee's deductible was not raised by appellant in the trial court and is a separate matter to be resolved based on the insurance contract between the two parties. This assignment of error is not well-taken.
 {¶ 10} In its sixth and final assignment of error, appellant suggests that the umpire exceeded the scope of his authority by expressing his opinion that appellee should be given the option of buying back his car from appellant for $300 and referring to a telephone conversation wherein appellee told him appellant had taken his car without his consent. Appellant has not explained how he was prejudiced by the umpire's statements. This assignment of error is not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Huron Municipal Court is affirmed, in part, and reversed, in part, and remanded for further proceedings consistent with this decision. The parties are ordered to pay equally the costs of this appeal *Page 6 
pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
William J. Skow, J., Thomas J. Osowik, J. concur.
Arlene Singer, J. CONCURS AND WRITES SEPARATELY.